FILED IN MY OFFICE
DISTRICT COURT CLERK
3/10/2017 3:20:57 PM
STEPHEN T. PACHECO
Jorge Monte

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

No. D-101-CV-2017-00666                    Case assigned to Ortiz, Raymond Z.

DANUTE DIDORONKIENE,

      Plaintiff,

v.

FIRST COAST EXPRESS, INC.;
PEPA MIKLOVAN, individually and in his
Capacity as an Employee of FIRST COAST
EXPRESS, INC.; and CROWLEY LINER
SERVICES, INC.,

      Defendants.

## COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW Plaintiff, Danute Didoronkiene, by and through her attorneys of record, Guebert Bruckner P.C. (Terry R. Guebert and Elizabeth M. Piazza), and for her cause of action against Defendants, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Danute Didoronkiene is a resident of Greenville, County of Greenville, South Carolina.

2.      The accident occurred on Interstate 40 in Guadalupe County, New Mexico.

3.      At all material times, Defendant Pepa Miklovan ("Defendant Miklovan") was a resident of Jacksonville, Florida.

4.      Upon information and belief, at all times material hereto, Defendant Miklovan was employed as a Commercial Truck Driver with First Coast Express, Inc.



("First Coast Express"), and was within the course and scope of his employment for First Coast Express when he crashed into the back of Plaintiff's vehicle and severely injured her.

5.      Defendant First Coast Express is a foreign corporation. Upon information and belief, Defendant First Coast Express maintains its principal place of business at 230 Hammond Blvd., Jacksonville, Florida 32254.

6.      Defendant First Coast Express's registered agent is James L. Shroads, Esq., 914 Atlantic Avenue, Suite 2E, Fernandina Beach, Florida 32034.

7.      Defendant First Coast Express does not have a registered agent in New Mexico.

8.      Defendant Crowley Liner Services, Inc. ("Crowley Liner Services") is a foreign corporation. Upon information and belief, Defendant Crowley Liner Services maintains its principal place of business at 9487 Regency Square Blvd., Jacksonville, Florida 32225.

9.      Defendant Crowley Liner Services, Inc.'s registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

10.      Defendant Crowley Liner Services does not have a registered agent in New Mexico.

11.      Pursuant to NMSA 1978, § 38-3-1(F) (1988) a suit against a non-resident defendant may be brought in any county in the state.

12.      This Court has personal jurisdiction over the parties in this matter and venue is proper.

## FACTUAL ALLEGATIONS

13.      On or about December 28, 2015, Defendant Pepa Miklovan was driving a 2005 yellow Freightliner semi-truck bearing Florida license plate number F1472R, westbound on I-40 near mile marker 294 in Guadalupe County, State of New Mexico.

14.     At all times material hereto, the semi-truck was owned by First Coast Express.

15.     At all times material hereto, Defendant Miklovan was an employee of First Coast Express and was in the course and scope of his employment at the time of the subject incident.

16.     At all times material hereto, attached to the semi-truck was a container on top of a chassis (collectively referred to herein as "trailer"), owned by Crowley Liner Services.

17.     On or about December 28, 2015, Plaintiff was also driving westbound on I-40, near mile marker 294 in Guadalupe County, State of New Mexico.

18.     Prior to the crash, at approximately 7:15 p.m., Plaintiff, in the left lane, passed the semi-truck, which was traveling in the right lane. After passing the semi-truck, Plaintiff proceeded to return to the right lane.

19.     After Plaintiff passed the semi-truck, Defendant Miklovan, without warning and for unknown reasons, crashed into back of Plaintiff's vehicle.

20.     As a direct result of being struck by the semi-truck, Plaintiff's vehicle suddenly veered to the right and onto the north dirt shoulder.

21.     Plaintiff's vehicle rolled three quarters of the way over and eventually came to rest on its right side.

22.     Following the crash, Defendant Miklovan, reported to police that he saw Plaintiff pass him and pull in front of him.

23.     Defendant Miklovan knew that Plaintiff was driving in front of him.

24.     Police issued a citation to Defendant Miklovan for careless driving.

25.     Upon information and belief, at all times material hereto, Defendant Miklovan was following too closely.

3

26.     Upon information and belief, at all times material hereto, Defendant Miklovan was distracted while driving and failed to pay the necessary attention to the roadway.

27.     Upon information and belief, at all times material hereto, Defendant Miklovan was too fatigued and/or careless to operate the semi-truck in a safe manner.

28.     Upon information and belief, at all times material hereto, Defendant Miklovan had exceeded the allowable number of hours that a commercial truck driver is permitted to drive under federal and state law and regulations.

29.     At all times material hereto, Defendant First Coast Express's brakes were defective and ill-maintained, such that the semi-truck was out of service and should not have been in operation.

30.     At all times material hereto, Defendant Crowley Liner Services' brakes were defective and ill-maintained, such that the trailer was out of service and should not have been in operation.

31.     At all times material hereto, Defendant Crowley Liner Services' trailer was defective, ill-maintained and in violation of the laws, regulations and/or ordinances of, among others, state and local laws, and the Federal Motor Carrier Safety Act.

32.     As a direct and proximate result of the collision, Plaintiff suffered multiple, serious injuries that required medical attention.

33.     As a direct and proximate result of the collision, Plaintiff was required to undergo, and will require to undergo in the future, medical treatment.

34.     As a direct and proximate cause of Defendants' conduct, Plaintiff has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur

pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

## COUNT I: NEGLIGENCE
### (as against all Defendants)

35.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein pursuant to Rule 1-010(C) NMRA.

36.     At all times material hereto, Defendant Miklovan owed a duty of care to Plaintiff to act as a reasonable and prudent motorist.

37.     Defendant Miklovan knew or should have known that his unsafe conduct posed a risk of harm to others, including Plaintiff.

38.     Defendant Miklovan breached his duty of care and was negligent.

39.     Defendant Miklovan's conduct was reckless, careless, wanton, and grossly negligent.

40.     At all times material hereto, Defendant First Coast Express and Defendant Miklovan owed a duty of care to Plaintiff to properly maintain the semi-truck to ensure the safety of its drivers and other motorists on the roadways.

41.     Defendant First Coast Express and Defendant Miklovan failed to maintain the semi-truck that was a cause of the subject incident, including but not limited to, ensuring the brakes of the semi-truck functioned properly.

42.     Defendant First Coast Express's actions were reckless, careless, wanton and grossly negligent.

43.     At all times material hereto, Defendant Crowley Liner Services owed a duty of care to Plaintiff to properly maintain its trailer to ensure the safety of all motorists on the roadways.

44.     Defendant Crowley Liner Services failed to maintain the trailer that was a cause of the subject incident, including but not limited to, ensuring the brakes of the trailer functioned properly, and ensuring the trailer was properly maintained and in-compliance with the laws, regulations, and/or ordinances of among others, state and local law, and the Federal Motor Carrier Safety Act.

45.     Defendant Crowley Liner Services' actions were reckless, careless, wanton and grossly negligent.

46.     As a direct and proximate cause of Defendants' negligence, Plaintiff suffered serious injuries, has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

### COUNT II: NEGLIGENCE *PER SE*
**(as against all Defendants)**

47.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein pursuant to Rule 1-010(C) NMRA.

48.     At all times material hereto, Defendants were obligated to comply with the safety requirements established by federal and state statutes, regulations, rules, and other requirements, including but not limited to the rules, regulations and requirements of the Department of Transportation, the National Transportation Safety Board, the Office of Highway Safety and other regulatory agencies.

49.     Such statutes, regulations, rules, and other requirements have been promulgated for the safety and benefit of the public at large, including Plaintiff, and the rest of the New Mexico motoring public.

50.     Plaintiff belongs to a class of persons to which these statutes were meant to protect, and the injuries and damages sustained by Plaintiff were the type of injuries and damages that such statutes, rules, regulations and other requirements were designed to prevent.

51.     At the time of the subject incident, there were in force and effect Federal Motor Carrier Safety Act regulations that were violated, including but not limited to:

      a.     FMCSR 392.3 (ill or fatigued operators);

      b.     FMCSR 383.110 (general knowledge);

      c.     FMCSR 392.6 (schedules to conform to speed limits);

      d.     FMCSR 395.3 (maximum driving time);

      e.     FMCSR 383.111 (required knowledge);

      f.     FMCSR 383.113 (required skills);

      g.     FMSCA 393.47 (brake actuators, slack adjusters, linings/pads and drums/rotors);

      h.     FCSCA 393.48 (Brakes to be operative); and

      i.     Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

52.     At the time of the subject incident, there were certain New Mexico statutes in force and effect that were violated, including but not limited to:

      a.     NMSA 1978, §66-7-301(b): requiring that in every event speed should be so controlled by the driver as may be necessary to avoid colliding with any person;

      b.     NMSA 1978, §66-7-301(b)(2): requiring that in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

      c.     NMSA 1978, §66-8-113. Reckless driving;

  d.  NMSA 1978, §66-8-114. Careless driving;

  e.  NMSA 1978, § 66-7-318(A).  Following too closely;

  f.  NMSA 1978, §66-7-337. Drivers to exercise due care;

  g.  NMSA 1978, §65-3611. Hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

  h.  NMSA 1978, §65-3-7. Qualifications of drivers;

  i.  NMSA 1978, §65-3-8. Equipment; loading; driving; unsafe practices;

  j.  NMSA 1978, §65-3-9. Commercial motor vehicles; equipment; regulations; and

  k.  Any additional regulations or statutes that are revealed as violated during discovery as this case progresses.

53. Defendant Miklovan was cited for careless driving.

54. These statutes prohibit certain actions and/or create a standard of conduct when operating a motor vehicle and Defendants' conduct represents an unexcused violation of these standards.

55. As a result of these violations, Defendants Miklovan, First Coast Express and Crowley Liner Services were negligent *per se*.

56. Defendant First Coast Express, under the doctrine of *respondeat superior*, is liable as a consequence of Defendant Miklovan's violations.

57. As a direct and proximate cause of Defendants Miklovan, First Coast Express and Crowley Liner Services' violations of federal and state law, Plaintiff suffered serious injuries, has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

## COUNT III: *RESPONDEAT SUPERIOR*
### (as against Defendant First Coast Express, Inc.)

58.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein pursuant to Rule 1-010(C) NMRA.

59.     Defendant First Coast Express is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct and negligence *per se* of its employee, Pepa Miklovan.

60.     Upon information and belief, at all times material hereto, Defendant Miklovan was employed by First Coast Express and acting within the course and scope of that employment.  Therefore, Defendant First Coast Express is vicariously liable to Plaintiff for the negligent acts and/or omissions of Defendant Miklovan on the basis of *respondeat superior*.

61.     As a direct and proximate cause of Defendants' conduct, Plaintiff suffered serious injuries, has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

## COUNT IV: NEGLIGENT HIRING AND RETENTION
### (as against Defendant First Coast Express, Inc.)

62.     Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein pursuant to Rule 1-010(C) NMRA.

63.     At all times material hereto, Defendant First Coast Express owned the semi-truck that Defendant Miklovan negligently and recklessly drove when he struck Plaintiff's vehicle and permanently injured Plaintiff.

64.     At all times material hereto, Defendant First Coast Express had a duty to properly screen, supervise, educate, and train its employees, agents, and/or apparent agents, in such a

manner that each employee, agent, and/or apparent agent act as a reasonable and prudent motorist.

65.    At all times material hereto, Defendant First Coast Express owed a duty of care to Plaintiff to act as a reasonable and prudent employer.

66.    At all material times, and upon information and belief, Defendant First Coast Express failed to properly train and supervise its employee, agent, and/or apparent agent in such a manner that the above conduct caused damages to Plaintiff.

67.    Defendant First Coast Express breached that duty and was negligent.

68.    Because Defendant First Coast Express failed to reasonably train and/or supervise Defendant Miklovan, Defendant First Coast Express is a cause of the subject incident.

69.    Defendant First Coast Express is liable for damages caused by its employee while working in the course and scope of their employment in an amount to be proven at trial.

70.    As a direct and proximate cause of Defendants' conduct, Plaintiff suffered serious injuries, has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

## COUNT V – PUNITIVE DAMAGES
### (as to all Defendants)

71.    Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein pursuant to Rule 1-010(C) NMRA.

72.    Defendant Miklovan willfully drove the truck with a disregard for the safety of other people on the highway, including but not limited to, following too closely, driving while distracted, and failing to exercise due care.

73.     Defendant Miklovan knew or should have known that his careless and reckless driving would injure Plaintiff.

74.     Defendants knowingly allowed a semi-truck and trailer with defective brakes to be operated in a dangerous manner on New Mexico highways.

75.     Defendant First Coast Express knew or should have known that Defendant Miklovan would drive the semi-truck in a reckless manner.

76.     Defendant First Coast Express knew or should have known the defective brakes created a dangerous driving condition that was likely to injure Plaintiff.

77.     Defendant Crowley Liner Services knew or should have known the defective brakes and defective and ill-maintained trailer created a dangerous driving condition that was likely to injure Plaintiff.

78.     As a direct and proximate cause of Defendants' careless, reckless, willful, wanton, and grossly negligent conduct, Plaintiff suffered serious injuries, has incurred and will continue to incur substantial medical expenses, has incurred and will continue to incur pain and suffering, has incurred and will continue to incur loss of earnings, and has incurred and will continue to incur substantial loss of enjoyment of life.

## DAMAGES

79.     As a direct and proximate result of the actions of the Defendants enumerated above, Plaintiff sustained serious personal injuries, has undergone and will continue to undergo considerable physical pain and mental suffering due to said injuries; has incurred reasonable medical expenses for necessary medical care received in the past and in all reasonable probability, will incur future medical expenses for treatment of her injuries; has sustained lost past earnings and will sustain lost future earnings; has sustained loss of enjoyment of activities

and will continue to do so in the future; has suffered a loss of household services and in all reasonably probability, will continue to do so in the future; has sustained hedonic damages or loss of the value of life itself; physical scars; and has sustained nonmedical expenses required as a result of the injury and reasonably certain to be required in the future, all to her damages in an amount to be determined by the Court at trial.

80.     Defendants' actions were willful, reckless, wanton, and grossly negligent, entitling Plaintiff to recover punitive damages in an amount to be determined by the Court at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages as determined by the Court at trial and as allowed by law, and punitive damages in an amount to be proven at trial as allowed by law, together with the costs of this litigation, pre-judgment and post-judgment interest, and such other relief as the Court may deem just and proper.

Respectfully Submitted,

GUEBERT BRUCKNER P.C.


By ___*/s/ Elizabeth M. Piazza*_____
        Terry R. Guebert
        Elizabeth M. Piazza
        P.O. Box 93880
        Albuquerque, NM 87199-3880
        (505) 823-2300
        tguebert@guebertlaw.com
        epiazza@guebertlaw.com
        *Attorneys for Plaintiff*

F:\Clients\7100.128cf\Pleadings\Complaint.docx/jrg

12